# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURTIS LEE MARGLE,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-0105 |
| v. | : | (JUDGE MANNION) |
| **DANE S. O'BRIEN,** *et al.* | : | |
| Defendants | : | |

## **MEMORANDUM**

Pending before the court is the report and recommendation ("R&R") of Magistrate Judge Saporito, relating to the civil rights action, pursuant to 42 U.S.C. §1983, filed *pro se* by plaintiff Curtis Lee Margle, formerly an inmate at Carbon County Correctional Facility. (Doc. 13). Plaintiff paid the filing fee. Judge Saporito recommends that the case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for plaintiff's failure to timely perfect service on the defendants and, for failure of plaintiff to show cause why he did not serve the defendants as directed by the court's Order. Plaintiff also failed to comply with the Local Rules of this court requiring him to notify the court of his current address. Further, it appears that plaintiff has

abandoned his case.[1]

In his report, Judge Saporito concludes that since plaintiff failed to show cause why he did not timely serve the defendants and since he was warned that his failure to do so would result in a recommendation that his case be dismissed, all of his claims against all of the defendants should be dismissed without prejudice pursuant to Rule 4(m). No objections have been filed in response to Judge Saporito's R&R.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." [Fed.R.Civ.P. 72(b)](), advisory committee notes; *see also* [Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010)]() (citing [Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)]() (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the

---

[1] The court notes that the plaintiff has not filed anything in his action since it was transferred to this court in January of 2019. Nor has plaintiff been receiving any filings in this case, despite Judge Saporito's attempts to locate him after he was released from prison, since he has not advised the court of his address.

magistrate judge. [28 U.S.C. §636(b)(1)](); Local Rule 72.31.

Rule 4(m) requires district courts to dismiss a pending action when a plaintiff fails to timely serve the opposing parties. The rule reads, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

[Fed.R.Civ.P. 4(m)](). In order for the court to dismiss the action on its own initiative, the plaintiff must have notice of the court's intent to dismiss "to allow the plaintiff to demonstrate good cause for its failure to comply with the rule's [90] day service requirement." *[Liu v. Oriental Buffet](), 134 F.App'x 544, 546 (3d Cir. 2005)*. When notice is given and the plaintiff provides reasons for his failure to serve the defendant, the court may dismiss the case after considering: "the (1) reasonableness of plaintiff's efforts to serve the original complaint; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve the original complaint." *[Spencer v. Steinman, 968 F.Supp. 1011, 1015]()* (citing *[MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995)]()*).

The court has reviewed the recommended bases for dismissal of the plaintiff's complaint presented by Judge Saporito. Because the court agrees with the sound reasoning that led Judge Saporito to the conclusions in his report and finds no clear error on the face of the record, the court will **ADOPT** the report **IN ITS ENTIRETY**. The plaintiff's complaint will be **DISMISSED WITHOUT PREJUDICE** as to all defendants. *See* <u>Ideen v. Straub</u>, 613 Fed.Appx. 117 (3d Cir. 2015). An appropriate order shall issue.

        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States District Judge**

**Dated: July 10, 2019**
19-0105-01.wpd